UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVA COIN,

    Plaintiff,

v.

SEDGEWICK CLAIMS MANAGEMENT
SERVICES, INC.,

    Defendant.
_____/

Case No. 18-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
kkelly615@gmail.com
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, MELVA COIN, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against the Defendant, SEDGEWICK CLAIMS MANAGEMENT SERVICES, INC., stating more fully as follows:

## COMMON ALLEGATIONS

1. That Plaintiff is a resident of the County of Oakland, State of Michigan and domiciled in the State of Michigan.

2. That Defendant is a foreign profit corporation authorized to conduct business in the State of Michigan and doing business in the County of Oakland, State of Michigan and is domiciled in the State of Tennessee.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

4. That this Honorable Court has federal question jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1331.

5. That on or about May 2, 2011, Defendant hired Plaintiff.

6. That at all times pertinent hereto, Plaintiff worked as a Family Medical Leave examiner and then promoted to Short Term Disability examiner 2011 in Defendant's Southfield office.

7. That on or about January 9, 2015 the Plaintiff suffered serious injuries as a result of an automobile accident.

8. That as a result, Plaintiff went on FMLA leave.

9. That the Plaintiff returned to work on August 3, 2015.

10. That subsequent thereto, Plaintiff was involved in another automobile

accident and again had to go on FMLA leave.

11. That the second accident occurred on July 24, 2017 and required Plaintiff to be off work from August 21, 2017 through January 7, 2018.

12. That subsequent thereto, Plaintiff was involved in a third automobile accident on September 1, 2018.

13. As a result of this accident the Plaintiff again reinjured herself.

14. She was informed at that time that because of the number of hours she had worked, she was no longer eligible at that time for Family Medical Leave (See Exhibit 1, letter from Sedgwick).

15. That subsequent thereto, Plaintiff applied for and was approved for short term disability (STD) on 9/4/2018 through and including 10/18/2018 which was then extended to January 1, 2019.

16. That during this period of leave, Plaintiff applied for an accommodation under the American Disability Act (ADA) on 10/25/2018.

17. That Plaintiff requested an accommodation to be able to work from home due to her disability, and because of the fact that her job only required her to work at a computer to perform the essential aspects of that job.

18. That, in fact, certain individuals were actually working from home and were being allowed to do so at the time the request was made by Plaintiff.

19. That, further, all of these individuals were similarly situated to the

Plaintiff in their job duties.

20. That, in fact, the Plaintiff's coworker Sophie Gear was not disabled and was allowed to work at home and perform the identical job as that performed by the Plaintiff.

21. That Plaintiff was notified on 11/13/2018 that "Sedgewick has determined that your request for an accommodation cannot be provided because Sedgewick cannot accommodate you without undue business hardship. Therefore, Sedgewick has not approved your request for a work place accommodation, and this request will be closed." In a subsequent letter dated 11/13/2018 Sedgewick notes 'Accomodated (sic) Denied' and signed by the same 'Accomadation Specialist' Lashanda Burden (See exhibits 2 and 3).

22. That subsequent thereto, Plaintiff's position was terminated as of November 28, 2018.

23. That Plaintiff was terminated because of her disability, and Defendant's refusal to accommodate her reasonable request for accommodation.

24. That Defendant's actions also constitute retaliation in violation of the Americans with Disability Act and the Michigan Handicapper Civil Rights Act.

25. That Plaintiff has obtained a Right to Sue Letter from the United States Equal Employment Opportunity Commission (See Exhibit 4).

26. That this Honorable Court has Subject Matter Jurisdiction of this

cause pursuant to 42 USC 12112 (B)(5)(A) and (B) which is the provision of the ADA based on Discrimination due to disability and as such creates a Federal Question upon which this claim is partly based.

27. That Defendant did violate 42 USC 12112 (B)(5)(A) and (B).

28. That pursuant to 42 U.S.C. §12117 and 42 U.S.C. §2000e-5, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    (a) Any and all back pay;

    (b) Any other equitable relief as the Court deems appropriate; and

    (c) Reasonable attorney fees and expert fees as part of the costs of this action.

29. That pursuant to 42 U.S.C. § 1981a, Plaintiff hereby claims punitive and compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

## COUNT I - DISABILITY DISCRIMINATION
## OF THE AMERICANS WITH DISABILITIES ACT

30. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

31. That the Americans with Disabilities Act provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

32. That at all times material hereto, Defendant was a "covered entity" and "employer" as defined by the Act. 42 U.S.C. §12111(2), (5).

33. That the Act defines "discriminate against a qualified individual on the basis of disability" to include:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee of the employee or application.

42 USC § 12112(B)(5).

34. That at all times material hereto, Plaintiff was qualified for the position she held.

35. That Defendant subjected Plaintiff to adverse employment actions by denying her reasonable accommodation request and terminating her employment.

36. That Defendant's denial of Plaintiff's accommodation request and termination of her employment occurred under circumstances that raise a reasonable inference that her disability was a determining factor in the decisions.

37. That Defendant's proffered reasons for Plaintiff's termination either directly evidence its discrimination and/or are pretextual in nature.

38. That Defendant's actions constitute disability discrimination in violation of the Americans with Disabilities Civil Rights Act.

39. That pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    (a)    Any and all back pay;

    (b)    Any other equitable relief as the Court deems appropriate; and

    (c)    Reasonable attorney fees and expert fees as part of the costs of this action.

40. That pursuant to 42 U.S.C. §1981a, Plaintiff hereby claims punitive and compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court

enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

41. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of her Common Allegations and paragraphs 30 through 40 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

42. That the Persons with Disabilities Civil Rights Act declares that the opportunity to obtain employment without discrimination because of a disability to be a civil right. MCL 37.1102(1).

43. That at all times material hereto, Plaintiff had a medical condition that satisfied the definition of a "disability" as set forth in the Act. MCL 37.1103(d).

44. That at all times material hereto, Plaintiff had a medical condition that substantially limited one (1) or more major life activities and was unrelated to Plaintiff's ability to perform the duties of her job. MCL 37.1103(d)(*i*)(A).

45. That at all times material hereto, with or without accommodation, Plaintiff's disability did not prevent Plaintiff from performing the duties of her position. MCL 37.1103(*l*).

46. That at all times material hereto, Defendant regarded Plaintiff as

having a medical condition that substantially limited one (1) or more major life activities and was unrelated to Plaintiff's ability to perform the duties of her job. MCL 37.1103(d)(*iii*).

47. That Defendant discriminated against Plaintiff in one or more of the ways prohibited by the Act.

48. That the Act prohibits an employer from discharging or otherwise discriminating against an individuals with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job. MCL 37.1202(1)(b).

49. That Defendant took adverse employment action against Plaintiff by denying her reasonable accommodation request and terminating her employment.

50. That Defendant terminated Plaintiff's employment because of her disability.

51. That alternatively, the reasons proffered for denial of Plaintiff's accommodation request and for her termination are not based in fact, did not actually motivate the decision to discharge, and/or were too insignificant to warrant the action.

52. That Defendant's actions constitute disability discrimination in violation of the Persons with Disabilities Civil Rights Act.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

53.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance benefits, disability benefits, investment opportunities, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits lost to Plaintiff along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

54.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, depression, anxiety, disruption of lifestyle, and denial of social pleasures.

55.     That Plaintiff hereby claims reasonable attorney fees pursuant to MCL 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                  Respectfully submitted,
                                  THE MASTROMARCO FIRM

Dated: <u>May 9, 2019</u>        By:    <u>*/s/ Victor J. Mastromarco, Jr.*</u>
                                               VICTOR J. MASTROMARCO, JR.
                                               (P34564)
                                               Attorneys for Plaintiff
                                               1024 N. Michigan Avenue
                                               Saginaw, Michigan 48602
                                               (989) 752-1414
                                               vmastromar@aol.com

## **RELIANCE ON DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, MELVA COIN, by and through her attorneys, THE MASTROMARCO FIRM, and hereby relies upon her demand for trial by jury on all of the above issues, unless otherwise expressly waived.

        Respectfully submitted,
        THE MASTROMARCO FIRM

Dated: May 9, 2019    By:  */s/ Victor J. Mastromarco, Jr.*
        VICTOR J. MASTROMARCO, JR. (P34564)
        Attorneys for Plaintiff
        1204 N. Michigan Avenue
        Saginaw, Michigan 48602
        (989) 752-1414
        vmastromar@aol.com